**Benny Lee CLARK, Petitioner–Appellant,**

v.

**Rose WILLIAMS, Warden, Respondent–Appellee.**

**No. 07–15153
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 19, 2008.

See also 2007 WL 2904113.

---

Benny Lee Clark, Wrightsville, GA, pro se.

Paula Khristian Smith, Sr. Asst. Attorney General, Atlanta, GA, for Respondent–Appellee.

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Benny Lee Clark, a Georgia prisoner serving a twenty-year sentence for burglary and giving a false name to a law enforcement officer, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his state court convictions. In his *pro se* § 2254 petition, Clark raised four claims of error as to his convictions in the state trial court proceedings. Clark later amended his § 2254 petition to add a claim challenging the state habeas proceedings and specifically the Georgia Supreme Court's dismissal of his application for a certificate of probable cause (seeking review of the denial of his state habeas petition) as untimely.

The magistrate judge entered a report and recommendation ("R & R") recommending (1) denial of Clark's § 2254 claims as procedurally defaulted, as found by the state habeas court, because Clark did not raise them on direct appeal and he had not argued cause and prejudice to excuse the default,[1] and (2) denial of Clark's challenge to the state habeas corpus proceedings as improper under the *Rooker–Feldman* doctrine[2] and as a noncognizable federal habeas corpus claim.

In his objections to the R & R, Clark argued that there was cause and prejudice to excuse the procedural default in his state direct appeal due to ineffective assistance of his trial and appellate counsel, and, alternatively, that procedural default would be a miscarriage of justice because he is actually innocent of the crimes for which he was convicted.

In an order dated September 28, 2007, the district court agreed with the R & R and similarly concluded that (1) Clark's § 2254 claims were procedurally barred and Clark had failed to show cause and prejudice through ineffective assistance of counsel or a fundamental miscarriage of justice based on actual innocence to overcome the default, and (2) Clark's challenge to the state habeas corpus proceeding was barred under the *Rooker–Feldman* doctrine and not a cognizable federal habeas

---

1. The R & R also recommended that, to the extent Clark's § 2254 petition raised his direct appeal claim that the state trial court abused its discretion in admitting evidence of similar criminal transactions, Clark had failed to establish that the admission of that evidence rendered his trial fundamentally unfair.

The district court, however, did not address this claim in its order.

2. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

claim. Accordingly, the district court dismissed Clark's § 2254 petition.

Clark filed a motion for a certificate of appealability ("COA") in which he reargued his claims of cause and prejudice and fundamental miscarriage of justice to overcome the procedural default. In an order dated November 2, 2007, the district court granted Clark's motion for COA, but stated only that Clark "has adequately demonstrated debatability of at least one of the underlying claims presented in this case." The district court's order did not further specify on what particular issues the COA was granted.

A habeas corpus petitioner must obtain a COA in order to proceed on appeal. 28 U.S.C. § 2253(c)(1). In order to obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where the district court has denied a habeas corpus petition on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the district court was correct in its procedural ruling, and (2) the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). The court issuing the COA "shall indicate which specific issue or issues," if any, satisfy the COA standard. 28 U.S.C. § 2253(c)(3). Appellate review is then limited to the issues specified in the COA. *Murray v. United States,* 145 F.3d 1249, 1250–51 (11th Cir.1998).

Here, the district court failed to satisfy the statutory requirement in 28 U.S.C. § 2253(c)(3) to specify which issue or issues had met the COA standard. The district court stated only that Clark had "adequately demonstrated debatability of at least one of the underlying claims presented in this case." The district court's order fails to indicate which of the five issues raised by Clark in his § 2254 petition are subject to appellate review. Further, the district court's order is unclear as to whether it concluded that Clark had shown that the district court's procedural rulings were debatable or that Clark's underlying § 2254 claims had debatable merit. To the extent the district court was referencing the merits of Clark's underlying claims, it would be improper to grant a COA on the merits of those claims where the district court dismissed them on procedural grounds and did not discuss or even reach them in its order. *See Ross v. Moore,* 246 F.3d 1299, 1300 (11th Cir. 2001).

Therefore, because the district court failed to specify the issue or issues for appeal in its COA order, we vacate the district court's order granting a COA and remand to the district court for it to specify which issue or issues satisfy the COA standard, as required by 28 U.S.C. § 2253(c)(3).

**VACATED AND REMANDED.**